UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
(MIAMI DIVISION)

| | | |
|---|---|---|
| In re: | : | CASE NO.: 15-28106-RAM |
| ALEXIS OMS | : | CHAPTER 7 |
| Debtor | : | |
| _____/ | : | ADV. CASE NO: |
| ROBERT ANGUEIRA, Chapter 7 Trustee in Bankruptcy for Alexis Oms | : | |
| Plaintiff, | : | |
| vs. | : | |
| JORGELINA PEREA, | : | |
| Defendant. _____/ | : | |

### ADVERSARY COMPLAINT TO AVOID AND RECOVER FRAUDULENT TRANSFER AND FOR OTHER RELIEF

COMES NOW Robert A. Angueira, as Chapter 7 Trustee of the Bankruptcy Estate for the above-named Debtor (the "*Trustee*" or "*Plaintiff*") by undersigned counsel, hereby sues the Defendant Jorgelina Perea (the "*Defendant*") to recover certain estate property hereinafter defined, and/or the value of such property, and for other relief pursuant to §§544 and 550 of Title 11 of the United States Code (the "*Bankruptcy Code*"), Chapter 726 of the Florida Statutes, and Rules 7001 and 7003 of the Federal Rules of Bankruptcy Procedure.  In support of this relief, the Plaintiff states as follows:

### Nature of the Case

1.  This is an action by which the Trustee seeks to avoid and recover from Defendant a fraudulent transfer of estate property.  More specifically and as more fully set forth below, Defendant received a certain transfer from the Debtor during the relevant four (4) year period

prior to the Petition Date. The transfer was made by the Debtor to the Defendant at a time of insolvency, without receipt by the Debtor of adequate consideration.

## Jurisdiction & Venue

2. This is an adversary proceeding brought pursuant to 11 U.S.C. §550(a)(1), Rules 7001(1) and 7003 of the Federal Rules of Bankruptcy Procedure, and FLA. STATS. §§ 726.105(1) and 726.106(1), seeking the avoidance and recovery of a fraudulent transfer of estate property.

3. The Court has subject matter jurisdiction over this Adversary Proceeding pursuant to 28 U.S.C. §§157 and 1334.

4. This is a core proceeding for which the Court is authorized to hear and determine all matters regarding this case in accordance with 28 U.S.C. § 157(b)(2)(A), (E) and (H).

5. Venue is proper in this jurisdiction pursuant to 28 U.S.C. §§1408 and 1409.

## The Parties

6. Robert A. Angueira is the duly appointed and qualified Trustee in the Chapter 7 bankruptcy proceeding (the "*Trustee*") for Alexis Oms (the "*Debtor*"). This action is brought solely in Mr. Angueira's capacity as Trustee.

7. Defendant Jorgelina Perea (the "*Defendant*") is an individual who, upon reasonable information and belief, resides in Miami Dade County, in the State of Florida, is over the age of eighteen (18) years of age, and is otherwise *sui juris*.

## Procedural Background

8. The underlying Chapter 7 case was commenced by the filing of a voluntary Chapter 7 bankruptcy petition for the Debtor on October 12, 2015 (the "*Petition Date*").

9. On October 12, 2015, Robert A. Angueira was duly appointed as the Chapter 7 Trustee for the Debtor's estate, and became the permanent Trustee on November 16, 2015 after the §341 Meeting was held and concluded.

10. On December 29, 2015 the Trustee, through counsel, conducted a Rule 2004 Examination of the Debtor (the "***2004 Examination***").

### Facts Common to All Counts

*The Debtor Becomes Insolvent*

11. Schedule F of the Debtor's Bankruptcy Petition reflects the total sum of $26,658.00 in scheduled general unsecured claims owed by the Debtor as of the Petition Date.

   a. Upon reasonable information and belief, the Debtor was not paying all of his unsecured creditors as his debts came due for at least the four (4) year pre-petition period.

   b. Upon reasonable information and belief, the Debtor did not have non-exempt assets with an aggregate value greater than or equal to the balance owed to the unsecured creditors at any point during the four (4) year pre-petition period.

12. Upon reasonable information and belief, for at least the four (4) year pre-petition period (if not earlier), and at all times thereafter, the sum of the Debtor's debts was greater than all of the Debtor's non-exempt assets, the Debtor was not paying debts as they came due, and the Debtor was otherwise insolvent within the meaning of 11 U.S.C. §101(32).

13. At the 2004 Examination, the Debtor testified that his financial problems began in 2009 as a result of the loss of his employment and as a result of his divorce.

*The Transferee*

14. At the Debtor's 2004 Examination, the Debtor testified that Jorgelina Perea, the Defendant herein, is the Debtor's mother.

15. Accordingly, the Defendant is an insider of the Debtor within the meaning of 11 U.S.C. §101(31)(A)(i).

*The Transfer*

16. Pre-petition, the Debtor owned a 25' Concepts Boat (the "***Boat***"). The Debtor testified that he purchased the Boat on or about March 10, 2009.

3

17. Prior to conducting the Debtor's §341 Meeting the Trustee ran an Asset Report for the Debtor. Based on the asset report, and as per DMV records, the Trustee discovered that Debtor is the registered owner of a 2001 Loadmaster Trailer (the "*Trailer*") which is used to haul the Boat.

18. On or about January 05, 2012 the Debtor transferred the Boat to the Defendant. Enclosed as **Exhibit 1** is a copy of the Certificate of Title for the Boat. The January 05, 2012, transfer of the Boat from the Debtor to the Defendant shall be referred to in this complaint as the "*Transfer*".

19. The Debtor claims that he transferred the Boat to the Defendant to pay for rent, since he had lived in an adjacent apartment at the Defendant's house for some time after losing his employment. However, the Debtor did not produce a lease or any documents evidencing that he was obligated to pay rent to the Defendant.

20. On January 29, 2016 the Trustee conducted a Rule 2004 Examination of the Defendant (the "*Defendant's 2004 Exam*"). The Defendant was unable to produce any documents evidencing that the Debtor was obligated to pay her rent. In fact the Defendant's response to the question of whether there was a signed lease agreement was "Alexis is my son why would I make him sign a document."

21. The Defendant testified that she does not know how to drive a boat by herself and unless the Debtor or her brother in law or her boyfriend drive the Boat she is unable to use it. Additionally, the Defendant drives a Saturn which does not have the capability of towing a Boat, every time the Defendant wants to use the Boat either the Debtor or the Defendant's brother in law have to lend her their vehicles.

22. Although the Boat was transferred to the Defendant the Trailer used to haul the Boat is still registered to the Debtor. The Defendant testified that she is unaware whether she is

4

the registered owner of the Trailer, the Defendant was unable to explain how is it that the tag in the Trailer is renewed every year, or whether a tag is even necessary for the Trailer.

23. After the §341 Meeting the Trustee hired Martin Claire and Co. LLC to conduct an appraisal of the personal property of the Debtor including the Boat and the Trailer. Based on that appraisal dated December 1, 2015 the Trustee believes the Boat and the Trailer to be worth $15,000.00.

24. The Debtor testified that when he purchased the Boat in 2009 he paid for the Boat in cash, therefore as of the time of the transfer the Debtor owned the Boat free and clear of any liens. Consequently, the Boat had substantial value as of the date of the Transfer.

25. The Transfer was a transfer of property of the Debtor.

26. The Debtor did not receive any consideration (or received inadequate consideration) in connection with the Transfer.

27. At the time of the Transfer, the Debtor was exhibiting numerous badges of fraud, including the following: (i) the Transfer was to and for the benefit of an insider; (ii) the Transfer was not disclosed; (iii) the transfer was of substantially all of the Debtor's assets; (iv) the function of the Transfer was to remove or conceal assets of the Debtor; (v) the value of the consideration received by the Debtor was not reasonably equivalent value to the value of the asset transferred; and (vi) the Debtor was insolvent or became insolvent shortly after the Transfer was made.

28. The net effect of this is as follows: the Debtor began experiencing financial problems towards the end of 2009 and beginning of 2010. The Debtor transferred the Boat to the Defendant under the unsupported auspice that it was to pay rent to the Defendant. The Trustee seeks avoidance and recovery of this fraudulent transfer.

29. All conditions precedent to the institution of this action have been performed,

satisfied or otherwise waived.

## Count I:
### *Action to Avoid & Recover Fraudulent Transfer Pursuant to Fla. Stat. §726.105(1)(a)*
### *(Actual Fraud)*

30. The Plaintiff/Trustee realleges and reaffirms those allegations contained in paragraphs 1 through 29 above.

31. The Trustee sues Defendant to avoid and recover the Transfer made by the Debtor to Defendant pursuant to 11 U.S.C. §§ 544(b)(1) and 550(a) and Fla. Stat. §§726.105(1)(a) and 726.108.

32. Within four years prior to the Petition Date, the Debtor conveyed the Transfer to or for the benefit of Defendant.

33. The Debtor made the Transfer with the actual intent to hinder, delay or defraud present and future creditors of the Debtor.

34. There is at least one actual holder of an unsecured claim that is allowable pursuant to 11 U.S.C. § 502 who would have standing to avoid the Transfer under FUFTA.

35. The Transfer is avoidable pursuant to Fla. Stat. §§ 726.105(1)(a), 726.108 and 11 U.S.C. § 544(b)(1).

36. The Trustee may recover the Transfer, or an amount equal to the value of the Transfer, from Defendant pursuant to 11 U.S.C. § 550(a)(1).

WHEREFORE, Plaintiff, Robert A. Angueira, in his capacity as the Chapter 7 Trustee, respectfully requests that this Court (a) enter an order avoiding the Transfer described above as a fraudulent transfer pursuant to Fla. Stat. §726.105(1)(a); (b) avoiding the Transfer and entering a monetary judgment in favor of the Trustee against Defendant in the amount of the Transfer pursuant to § 550(a) of the Bankruptcy Code together with pre-judgment interest from the dates of the Transfer, post-judgment interest at the prevailing rate, and costs of this suit; (c) providing

that title to the Boat is vested in Robert A. Angueira, as Trustee, and the Trustee shall have the sole right and authority to sell the Boat; (d) disallows any claim the Defendant may have against the Debtor and/or the estate until such time as the Transfer to the Defendant is repaid to the Trustee pursuant to §502(d); and (e) grant such other relief as this Court deems just and proper.

### Count II:
### *Action to Avoid & Recover Fraudulent Transfer Pursuant to Fla. Stat. §726.105(1)(b)*
### *(Constructive Fraud)*

37. The Plaintiff/Trustee realleges and reaffirms those allegations contained in paragraphs 1 through 29 above.

38. The Trustee sues Defendant to avoid and recover the Transfer made by the Debtor to Defendant pursuant to 11 U.S.C. §§ 544(b)(1) and 550(a) and Fla. Stat. §§726.105(1)(b), 726.106(1) and 726.108.

39. Within four years prior to the Petition Date, the Debtor conveyed the Transfer to or for the benefit of Defendant.

40. The Debtor received less than reasonably equivalent value in exchange for the Transfer.

41. At the time of the Transfer, the Debtor was insolvent, or became insolvent as a result of the Transfer.

42. At the time of the Transfer, the Debtor was engaged in a business or transaction, or was about to engage in a business or transaction, for which their remaining property constituted unreasonably small capital.

43. At the time of the Transfer, the Debtor intended to incur, or believed or reasonably should have believed that they would incur, debts that would be beyond his ability to pay as such debts became due.

44. There is at least one actual holder of an unsecured claim that is allowable pursuant

to 11 U.S.C. § 502 who would have standing to avoid the Transfer under FUFTA.

45. The Transfer is avoidable pursuant to Fla. Stat. §§ 726.105(1)(b), 726.106(1), 726.108(1)(a) and 11 U.S.C. § 544(b)(1).

46. The Trustee may recover the Transfer, or an amount equal to the value of the Transfer, from Defendant pursuant to 11 U.S.C. § 550(a)(1)

WHEREFORE, Plaintiff, Robert A. Angueira, in his capacity as the Chapter 7 Trustee, respectfully requests that this Court (a) enter an order avoiding the Transfer described above as a fraudulent transfer pursuant to Fla. Stat. §726.105(1)(b); (b) avoiding the Transfer and entering a monetary judgment in favor of the Trustee against Defendant in the amount of the Transfer pursuant to §550(a) of the Bankruptcy Code together with pre-judgment interest from the dates of the Transfer, post-judgment interest at the prevailing rate, and costs of this suit; (c) providing that title to the Boat is vested in Robert A. Angueira, as Trustee, and the Trustee shall have the sole right and authority to sell the Boat; (d) disallows any claim the Defendant may have against the Debtor and/or the estate until such time as the Transfer to the Defendant is repaid to the Trustee pursuant to §502(d); and (e) grant such other relief as this Court deems just and proper.

### Count III:
### *Action to Avoid & Recover Fraudulent Transfer Pursuant to Fla. Stat. §726.106(1)*

47. The Plaintiff/Trustee realleges and reaffirms those allegations contained in paragraphs 1 through 29 above.

48. This is an action for the recovery of fraudulent Transfer pursuant to Fla. Stat. §726.106(1).

49. The Debtor did not receive reasonably equivalent value in exchange for the Defendant's receipt of the Transfer described in this Complaint.

50. At the time of the Transfer there were one or more creditors with claims that

8

antedate the date of the Transfer.

51. The Debtor was insolvent at the time of the Transfer or became insolvent as a consequence of the Transfer.

52. By reason of the foregoing, the Trustee is entitled to judgment avoiding the Transfer to the Defendant.

WHEREFORE, Plaintiff, Robert A. Angueira, in his capacity as the Chapter 7 Trustee, respectfully requests that this Court (a) enter an order avoiding the Transfer described above as a fraudulent transfer pursuant to Fla. Stat. § 726.106(1); (b) enter judgment against the Defendant, and in favor of the Trustee, for the total amount of value of the Transfer; (c) grant the Trustee costs, prejudgment interest, and post judgment interest to the extent allowed by law; (d) providing that title to the Boat is vested in Robert A. Angueira, as Trustee, and the Trustee shall have the sole right and authority to sell the Boat; (e) disallows any claim the Defendant may have against the Debtor and/or the estate until such time as the Transfer to the Defendant is repaid to the Trustee pursuant to §502(d); and (f) grant such other relief as this Court deems just and proper.

<u>**Count IV:**</u>
***Action to Recover Property Transferred
Pursuant to 11 U.S.C. §550***

53. The Plaintiff/Trustee realleges and reaffirms those allegations contained in paragraphs 1 through 29 above.

54. The claims in this Adversary Complaint seek to recover property or the value of property transferred to the Defendant pursuant to 11 U.S.C. §550.

55. The Transfer is avoidable under Counts I through III of this Adversary Complaint and, as a result, the Transfer is recoverable by the Trustee pursuant to §550 of the Bankruptcy Code.

56. The Defendant was the initial Transferee of the Transfer, and/or the entity or person for whose benefit such Transfer was made, and/or the immediate or mediate transferee of such initial transferee of the Transfer.

57. To the extent the Defendant benefitted from the Transfer, the Trustee is entitled to receive no less than the value or amount of the Transfer.

WHEREFORE, Plaintiff, Robert A. Angueira, in his capacity as the Chapter 7 Trustee, respectfully requests that this Court enter judgment against the Defendant that: (a) avoids the Transfer to Defendant, as the initial transferee of the Transfer and/or as the entity or person for whose benefit such Transfer was made, pursuant to §544 and for preservation of the estate pursuant to 11 U.S.C. §551; (b) awards a money judgment and orders Defendant to turn over to the Trustee the total amount of value of the Transfer, plus interest at the applicable federal statutory rate, reasonable attorneys' fees, and costs and expenses to the extent permissible by applicable law; (c) provides that title to the Boat is vested in Robert A. Angueira, as Trustee, and the Trustee shall have the sole right and authority to sell the Boat; (d) disallows any claims that the Defendant may have against the Debtor until such time as the Transfer is repaid to Plaintiff pursuant to 11 U.S.C. § 502(d); and (e) awards any other and further relief as the Court deems just and proper.

### Count V:
### *Unjust Enrichment*

58. The Plaintiff/Trustee realleges and reaffirms those allegations contained in paragraphs 1 through 29 above.

59. The Trustee sues Defendant for unjust enrichment.

60. The Debtor conferred a benefit on Defendant by making the Transfer to Defendant.

61. Defendant knowingly and voluntarily accepted and retained the benefit conferred

by the Debtor.

62. The circumstances are such that it would be inequitable and unjust for Defendant to retain the benefit conferred by the Debtor without paying the Trustee the value thereof.

63. Defendant has been unjustly enriched at the expense of the Debtor.

64. The Trustee is entitled to the return of those amounts in which Defendant was unjustly enriched through disgorgement of the Transfer or any other appropriate remedy.

WHEREFORE, Plaintiff, Robert A. Angueira, Trustee, demands judgment against the Defendant as follows: (a) enter judgment in his favor and against Defendant in the amount of the Transfer for which it was unjustly enriched, together with pre-judgment interest from the dates of the Transfer, post-judgment interest at the prevailing rate, and costs of this suit; (b) provide that title to the Boat is vested in Robert A. Angueira, as Trustee, and the Trustee shall have the sole right and authority to sell the Boat; (c) and for such further relief as the Court may deem just and proper

### Reservation of Rights

65. The Trustee reserves the right to amend this Complaint, upon completion of his investigation and discovery, to assert additional claims for relief against Defendant as may be justified under applicable law

Dated: February 22, 2016.

ROBERT A. ANGUEIRA, P.A.
6495 S.W. 24th Street
Miami, Florida 33155
Tel. (305) 263-3328
Fax (305) 263-6335
e-mail yanay@rabankruptcy.com

By /s/ Yanay Galban
YANAY GALBAN
Florida Bar No. 0105146

A02977

Mail Lien Satisfaction to: Dept of Highway Safety and Motor Vehicles, Neil Kirkman Building, Tallahassee, FL 32399-0500

| Identification Number | Year | Make | Body | WT-L-BHP | Vessel Regn. No. | Title Number |
|---|---|---|---|---|---|---|
| DDXPR398E001 | 2001 | DDX | VS | 25' | FL1055LJ | 81356518 |

Date of Issue 01/05/2012

Lien Release
Interest in the described vehicle is hereby released
By _____
Title _____
Date _____

Registered Owner:
JORGELINA PEREA
4220 W 5TH LN
HIALEAH   FL 33012-3812

**EXHIBIT 1**

IMPORTANT INFORMATION
1. When ownership of the vehicle described herein is transferred, the seller MUST complete in full the Transfer of Title by Seller section at the bottom of the certificate of title.
2. Upon sale of this vehicle, the seller must complete the notice of sale on the reverse side of this form.
3. Remove your license plate from the vehicle.
4. See the web address below for more information and the appropriate forms required for the purchaser to title and register the vehicle, mobile home or vessel.
http://www.hsmv.state.fl.us/html/titlinf.html

Mail To:
JORGELINA PEREA
4220 W 5TH LN
HIALEAH   FL 33012-3812

---

# CERTIFICATE OF TITLE

| Identification Number | Year | Make | Body | WT-L-BHP | Vessel Regn. No. | Title Number |
|---|---|---|---|---|---|---|
| DDXPR398E001 | 2001 | DDX | VS | 25' | FL1055LJ | 81356518 |

| Prev State | Color | Primary Brand | Secondary Brand | No. of Brands | Use | Prev Issue Date |
|---|---|---|---|---|---|---|
| FL | | | | | VESSEL | 03/10/2000 |

| Odometer Status or Vessel Manufacturer or CH use | Hull Material | Prop | Date of Issue |
|---|---|---|---|
| CONCEPTS BOATS INC | FBGLSS | OUTBRD | 01/05/2012 |

Lien Release
Interest in the described vehicle is hereby released
By _____
Title _____
Date _____

Registered Owner:
JORGELINA PEREA
4220 W 5TH LN
HIALEAH   FL 33012-3812

1st Lienholder

NONE

DIVISION OF MOTORIST SERVICES       TALLAHASSEE       FLORIDA       DEPARTMENT OF HIGHWAY SAFETY AND MOTOR VEHICLES

Sandra C. Lambert
Director

Control Number 105346339

Julie L. Jones
Executive Director

TRANSFER OF TITLE BY SELLER (This section must be completed at the time of sale.)

Federal and/or state law requires that the seller state the mileage, purchaser's name, selling price and date sold in connection with the transfer of ownership. Failure to complete or providing a false statement may result in fines and/or imprisonment. This title is warranted to be free from any liens except as noted on the face of the certificate, and the motor vehicle or vessel described is hereby transferred to:

Seller Must Enter Purchaser's Name: _____
Seller Must Enter Selling Price: _____
I/We state that this [ ] 5 or [ ] 6 digit odometer now reads |_|_|_|_|_|_| X ( no tenths) miles, date read _____
[ ] 1. reflects ACTUAL MILEAGE    [ ] 2. is IN EXCESS OF ITS MECHANICAL LIMITS    [ ] 3. IS NOT THE ACTUAL MILEAGE

Address: _____
Seller Must Enter Date Sold: _____
and I hereby certify, that to the best of my knowledge the odometer reading

UNDER PENALTIES OF PERJURY, I DECLARE THAT I HAVE READ THE FOREGOING DOCUMENT AND THAT THE FACTS STATED IN IT ARE TRUE.

SELLER Must Sign Here: _____
Print Here: _____
Selling Dealer's License Number: _____
Auction Name: _____

CO-SELLER Must Sign Here: _____
Print Here: _____
Tax No.: _____
License Number: _____

PURCHASER Must Sign Here: _____

CO-PURCHASER Must Sign Here: _____

NOTICE: PENALTY IS REQUIRED BY LAW IF NOT SUBMITTED FOR TRANSFER WITHIN 30 DAYS AFTER DATE OF PURCHASE

STATE OF FLORIDA